**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:26-cv-21133**

DAVID OPPENHEIMER,

                Plaintiff,

v.

CASITA VACATION RENTALS LLC,

                Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

## (INJUNCTIVE RELIEF DEMANDED)

Plaintiff DAVID OPPENHEIMER by and through his undersigned counsel, brings this Complaint against Defendant CASITA VACATION RENTALS LLC for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1.      Plaintiff DAVID OPPENHEIMER ("Oppenheimer") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, to copy and distribute Oppenheimer's original copyright-protected Work of authorship, and for violations of 17 U.S.C. § 1202 for the unauthorized removal of copyright management information ("CMI").

2.      Oppenheimer is an independent travel, aerial, and concert photographer who operates Performance Impressions LLC as the primary outlet to sell prints of his work in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States.  His work

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

has been featured by National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports and was on display at the Museum of the City of New York.

3.      Defendant CASITA VACATION RENTALS LLC ("Casita") is a Florida Limited Liability Company which connects travelers with vacation rentals and boutique hotels.  At all times relevant herein, Casita maintained and operated the real estate listing for the apartment at 8118 Harding Ave, Miami Beach, FL 33141, which appeared on various websites as shown on **Exhibit 2** (the "Listing").

4.      Oppenheimer alleges that Casita made an unauthorized copy of his Work for the purpose of advertising, marketing, and promoting its vacation rental business.  The infringing use was directly connected to Casita's business operations and intended to attract public attention and drive sales in the ordinary course of trade.

### JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. §§ 501, 1202.

6.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.      Casita is subject to personal jurisdiction in this district because it conducted and directed the infringing activity here and operated a commercial business within this forum.

8.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(a) because the events giving rise to the claims occurred in this district, Casita engaged in infringement in this district, Casita resides in this district, and Casita is subject to personal jurisdiction in this district.

## DEFENDANT

9.      Casita Vacation Rentals LLC is a Florida limited liability company, with its principal place of business at 740 Ocean Drive, 2F, Miami Beach, Florida 33139, and can be served through its Registered Agent, Simcovich & Whalen LLC, at the same address.

## THE COPYRIGHT-PROTECTED WORK AT ISSUE

10.      In 2019, Oppenheimer created the photograph entitled "North Shore Open Space Park Miami Beach Aerial," which is shown below and referred to herein as the "Work".



11.      At the time Oppenheimer created the Work, he applied CMI to the Work consisting of "© 2019 David Oppenheimer" in the bottom right corner of the image.

12.      Oppenheimer has complied in all respects with Title 17 U.S.C. § 102, et seq., and all other laws governing federal copyright applicable to the Work, and prior to first publication of the Work, he registered the copyright with the U.S. Copyright Office on April 15, 2019. The Work is on deposit with the U.S. Copyright Office registered with the contents title

"M4A_DSC9500.jpg" and is identified in the first paragraph on page one of the copyright registration certificate. The group registration was assigned registration number VAu 1-350-595. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. Oppenheimer's Work is protected by copyright but is not otherwise confidential, proprietary, or a trade secret. The Work's perspective, orientation, positioning, lighting, and other details are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

14. At all relevant times Oppenheimer was the owner of the Work at issue in this case.

## INFRINGEMENT BY CASITA

15. Casita has never been licensed to use the Work at issue in this action for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, Casita copied the Work.

17. On or about February 21, 2023, Oppenheimer discovered the unauthorized use of his Work on the Listing.

18. Casita copied Oppenheimer's Work without Oppenheimer's permission.

19. After Casita copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its online real estate platform.

20. Casita reproduced, distributed, and displayed Oppenheimer's copyright-protected Work in connection with the marketing and advertising of its Listing and in the course and scope of its business.

21. Casita committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

22. Oppenheimer never gave Casita permission or authority to copy, distribute, or display the Work at issue in this case.

23. Oppenheimer notified Casita of the allegations set forth herein on August 28, 2025, and again on February 3, 2026 prior to the filing of this action. To date, no response from Casita has been received and this matter remains unresolved.

24. When Casita copied and displayed the Work at issue in this case, it removed Oppenheimer's CMI from the Work.

25. Oppenheimer never gave Casita permission or authority to remove CMI from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

26. Oppenheimer incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Oppenheimer owns a valid copyright in the Work at issue in this case.

28. Oppenheimer registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29. Casita reproduced the Work and thereafter distributed and displayed copies of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

30. Casita performed the acts alleged in the course and scope of its business activities.

31. Defendant's acts were willful.

32. Oppenheimer has been damaged.

33. The harm caused to Oppenheimer has been irreparable.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

34.    Oppenheimer incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

35.    The Work at issue in this case contains CMI in the form of a visible watermark in the bottom right corner of the Work, as shown in part here:



36.    Casita cropped the Work and added text to the Work. An overlay of Casita's unauthorized derivative copy on top of Oppenheimer's Work is shown here, with the outline of the infringing copy in red:



37.    As can be seen above, Casita carefully cropped the Work so as to avoid including Oppenheimer's CMI on the infringing copy.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

38.     By cropping the Work to remove Oppenheimer's visible watermark, Casita knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

39.     Casita committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Oppenheimer's rights in the Work at issue in this action protected under the Copyright Act.

40.     Casita caused, directed, and/or authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Oppenheimer's rights in the Work at issue in this action protected under the Copyright Act.

41.     Oppenheimer has been damaged.

42.     The harm caused to Oppenheimer includes irreparable harm, and Casita has benefitted from infringement of the Work.  Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, and other relief authorized under the Copyright Act.

WHEREFORE, Plaintiff DAVID OPPENHEIMER prays for judgment against Defendant CASITA VACATION RENTALS LLC that:

a.      Casita and its officers, agents, servants, employees, affiliated entities, and all of those in active concert or participation with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1202;

b.      Casita be required to pay Oppenheimer his actual damages and Casita's profits attributable to the infringement, or, at Oppenheimer's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

c.        Oppenheimer be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.        Oppenheimer be awarded pre- and post-judgment interest; and

e.        Oppenheimer be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Oppenheimer hereby demands a trial by jury of all issues so triable.

Dated: February 19, 2026                    Respectfully submitted,


*/s/ George N. Colville*
GEORGE N. COLVILLE
Bar Number: 1060046
george.colville@sriplaw.com

JOEL B. ROTHMAN
FL Bar Number: 98220
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
786.297.8709 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Oppenheimer*